UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12549-RWZ

ORGANOGENESIS, INC.

v.

JANE ANDREWS, et al.

MEMORANDUM OF DECISION

August 1, 2005

ZOBEL, D.J.

    Appellant Organogenesis, Inc. appeals from a bankruptcy court decision. Appellant is a biomedical company whose main product is Apligraf, a living skin supplement used to treat venous leg and diabetic foot ulcers. Sixty-five percent of the company's workforce manufacture Apligraf, which accounts for 95% of its revenue. Appellant owns the manufacturing rights to Apligraf, but contracted the exclusive world-wide marketing and distribution rights to Novartis Pharma AG ("Novartis"). The contract obligated appellant to sell Apligraf to Novartis at a price that was less than the cost of production. As a consequence, appellant incurred losses on every sale. Beginning in May 2002, the parties began to discuss the sale of either the marketing or the manufacturing rights to Apligraf. Ultimately, they could not reach an agreement. Soon thereafter, on September 20, 2002, appellant sent a memorandum to its employees, stating that Novartis had cut off all negotiations, that appellant would be filing for Chapter 11 bankruptcy protection, and that employees were terminated

effective at

8 a.m. on September 23, 2002. The majority of employees were terminated. A couple of days later, on September 25, 2002, appellant filed its Chapter 11 bankruptcy petition. On November 26, 2002, appellant and Novartis entered into a post-petition agreement which was approved by the Bankruptcy Court. The Canton, Massachusetts, plant was reopened, and appellant called 60 employees back to work.

Thereafter, former employees, Jane Andrews, Karen Giampaolo, Margaret Hirst, Dina Kazis-Panico, Hoda Mansour, John O'Brien, Daniel O'Reilly, Marc Pelletier, John Rodrigues, Jonathan Thayer, Tamyra Toole, and Leon Wilkins ("appellees") filed proofs of claim in Bankruptcy Court. They asserted claims for back pay and benefits because appellant violated the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, by terminating the employees and closing its Canton facility without advanced written notice. On October 19, 2004, the Bankruptcy Court determined that appellant had not given any notice under the WARN Act and was, therefore, barred from relying on the provisions allowing for reduced notice. It nonetheless examined the applicability of the statutory exceptions on the merits, and overruled appellant's objections, finding it liable to appellees for the maximum violation period. This appeal followed.

On appeal, this Court accepts all Bankruptcy Court findings of fact unless "clearly erroneous," but reviews legal rulings de novo. LaRoche v. Amoskeag Bank, 969 F.2d 1299, 1301 (1st Cir. 1992). The parties agree that the WARN Act applies. It provides in relevant part that an employer must give its employees 60 days' written

2

notice before ordering a plant closing or mass layoff.  29 U.S.C. § 2102(a).  The purpose of the statute is to protect workers, families and the community.  Such "notice provides workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market."  20 C.F.R. § 639.1(a).

Under the Act, failure to give such notice results in liability of the employer to each terminated employee for back pay and benefits for each day notice should have been given. 29 U.S.C. § 2104(a).  The employer may reduce the notification period if a statutory exception applies.  United Paperworks International Union, AFL-CIO, CLC v. Alden Corrugated Container Corp., 901 F. Supp. 426, 440 (D. Mass. 1995), quoting 20 C.F.R. § 639.9.  However, even where the exceptions apply, the employer must still "give as much notice as is practicable and at that time shall give a brief statement of the basis for reducing the notification period."  29 U.S.C. § 2102(b)(3).  The Ninth Circuit has concluded that "Congress' purpose in requiring a brief statement must have been to provide employees with information that would assist them in determining whether the notice period was properly shortened."  Alarcon v. Keller Industries, Inc., 27 F.3d 386, 389 (9th Cir. 1994).  Another court determined there is a second purpose: to focus "employers on the statutory conditions that must be met to reduce the notice period by prohibiting employers from relying on a vague justification for giving shortened notice."  Grimmer v. Lord Day & Lord, 937 F. Supp. 255, 257 (S.D. N.Y. 1996).

Appellant admits that it "did not specifically state that the notice period was being reduced from 60 days to three and why" it was so reduced. Brief of Appellant at 5. However, it argues that its omission "should not compel a court to ignore the sound basis an employer had for delaying such notice." Brief of Appellant at 17. Appellant cites four cases which have "eschewed the broad rules proposed by the Bankruptcy Court here, *i.e.*, that the failure to provide flawless WARN Act notice bars all statutory defenses." Brief of Appellant at 19.

Contrary to appellant's assertions, three of the cases recite the requirement of a brief explanation. <u>Old Electralloy Corp. v. United Steel Workers of America</u>, 162 B.R. 121, 124 (W.D. Penn. 1993) (if the "faltering company" exception is applicable, "the employer must give as much notice as is practicable and at the time notice is given, provide a brief statement of the basis for reducing the notice period."); <u>Local 397, International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers, AFL-CIO v. Midwest Fasteners, Inc.</u>, 763 F. Supp. 78, 83 (D. N.J. 1990) ("the employer also must show that, upon learning that the workplace would be closed, it promptly notified the employees and explained why earlier notice had not been given") (quotation marks and citation omitted); <u>Wallace v. Detroit Coke Corp.</u>, 818 F. Supp. 192, 197 (E.D. Mich. 1993) (quoting the statutory language). The fourth case, <u>Watson v. Michigican Industrial Holdings, Inc.</u>, 311 F.3d 760 (6th Cir. 2003), is unhelpful on this point because it does not discuss the requirement of an explanation at all.

An employer who wants to reduce the notification period must comply with the clear statutory requirement that the termination notice contain an explanation for the

4

shortened time.  Appellant's contention that its reasons were explained "[i]n the context of the stream of information provided to the employees during the summer of 2002" is inadequate.  Brief of Appellant at 21.  Finally, without further explanation, appellant asserts that the law, as applied by the Bankruptcy Court, would do nothing to promote the WARN Act's goal or treat employers fairly.  The Act's requirement that employers provide an explanation does further the goal of protecting its intended beneficiaries, the workers – not the employers.

      The decision of the Bankruptcy Court is affirmed.


|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |